## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| FREDERICK L. SANDROCK, III and<br>JO ELLEN SANDROCK | **PLAINTIFFS** |
| VS. | CASE NO. 1:20-cv-214-LG-RHW |
| REGIONS BANK;<br>JOHN DOES 1-10; JOHN DOES 11-20;<br>and CASSIE SANDROCK | **DEFENDANTS** |

## COMPLAINT

STATE OF MISSISSIPPI
COUNTY OF HINDS

**COME NOW** the Plaintiffs, Frederick L. Sandrock, III, and Jo Ellen Sandrock, both duly sworn under oath, hereby filing this their Complaint against Regions Bank; John Does 1-10, John Does 11-20; and Cassie Sandrock, **REQUESTING A JURY TRIAL**, and would show unto the Court as follows, to wit:

### PARTIES

1. Plaintiffs Frederick L. Sandrock, III, and Jo Ellen Sandrock ("***Plaintiffs***") are adult residents of Hancock County, Mississippi.

2. Defendant Regions Bank ("***Regions***") is a bank formed under the laws of the State of Alabama with its principal place of business at 1900 Fifth Avenue North, Birmingham, Alabama. Regions may be served upon its registered agent for service of process, CSC of Rankin County, 2829 Lakeland Drive Suite 1502, Flowood, Mississippi 39232.

3. Defendants John Does 1-10 are the agents and employees of Regions who directly and proximately caused the acts and omissions within described.

4.      Defendants John Does 11-20 are the agents of Cassie Sandrock, and acted on her behalf and direction but also acted independently.

## JURISDICTION

5.      This Court has jurisdiction over the subject matter and the parties in this action. Venue is proper as the acts and omissions giving rise to this cause of action took place in whole or in part in this Court's jurisdiction.

## FACTS

6.      Plaintiffs restate each allegation in the preceding paragraphs as if fully restated herein.

7.      Plaintiffs were the holders of certain financial accounts with Defendant Regions.

8.      At the time in question, Plaintiffs' son, Jason Sandrock ("**_Jason_**"), who did not hold accounts at Regions, and Cassie Sandrock were in a Chancery Court action in the State of Mississippi that was a result of their divorce.

9.      As part of the Chancery proceedings, Defendant Regions received a subpoena requesting information on Plaintiffs' accounts.

10.     Without authorization and with no reasonable purpose or notification whatsoever, Defendant Regions released Plaintiffs' private account information in response to that subpoena. Jason was not named on these accounts, and Regions had no legitimate purpose in disclosing Plaintiffs' private account data.

11.     Regions did not provide any notice to Plaintiffs that this information was disclosed or give Plaintiffs any opportunity to alert Defendant Regions to their error.

12.     Neither Regions, nor John Does 1-20, nor Cassie Sandrock, have returned said information to Plaintiffs, and even if the same was returned, it has been published.

13. Thus, Plaintiffs' personal information and accounting information has now been subjected to the public, and Plaintiffs' personal identification, personal information, and accounting information has been left unprotected.

14. Cassie Sandrock and her agents and assigns still have this information in their possession. Further Cassie Sandrock and her agents and assigns have attempted to use this information against Plaintiffs.

15. The Plaintiff further asserts that Cassie Sandrock also had a subpoena issued to Hancock Bank simultaneous with the subpoena to Regions Bank. However, unlike Regions, Hancock Bank did indeed follow proper procedure and notify the Plaintiffs. The Plaintiffs' records at Hancock Bank were not revealed.

## CAUSES OF ACTION

### COUNT 1: NEGLIGENCE PER SE

16. Plaintiffs restate each allegation in the preceding paragraphs as if fully restated herein.

17. Banks are prohibited from disclosing nonpublic personal information about their customers except as provided under 15 U.S.C. §6801, *et seq.*

18. This statute (the "*Gramm-Leach Bliley Act*," or "**GLBA**") provides numerous rules and regulations regarding a bank's duty to protect such nonpublic personal information, including that each bank has an obligation to protect the confidentiality of the customer's information (15 U.S.C. §6801(a)) and that the customer must be notified of any pending disclosure (15 U.S.C. §6802(a)).

19. As a bank, Defendant Regions must meet the requirements of the GLBA regarding its customers' nonpublic personal information.

**20.** Plaintiffs were customers of Defendant Regions and therefore are in the class of persons the GLBA was designed to protect.

**21.** Defendant Regions violated GLBA by disclosing Plaintiffs' nonpublic personal information to a nonaffiliated third party (Jason's wife's attorney) without Plaintiffs' authorization. This was the type of action GLBA was designed to prevent.

**22.** Defendant Regions' violation of GLBA directly and proximately caused the Plaintiffs substantial mental anguish and fear regarding the release of their private information.

**23.** Plaintiffs are entitled to a judgment against Defendant Regions for any and all damages allowed by law for this privacy violation, including punitive damages and attorneys' fees.

**24.** Plaintiffs are entitled to a Judgment against John Does 1-20 and Cassie Sandrock for their actions herein, in which they intentionally misused court procedure to obtain information that they knew they were not entitled to.

## COUNT II: NEGLIGENCE

**25.** Plaintiffs restate each allegation in the preceding paragraphs as if fully restated herein.

**26.** As a financial institution, Defendant Regions has a duty to safeguard its customers' nonpublic personal information with reasonable diligence.

**27.** Defendant Regions breached this duty by disclosing Plaintiffs' private account information to a third party without authorization or notice.

**28.** This breach was the proximate and direct cause of Plaintiffs' mental anguish and expenses incurred in investigating their privacy breach and taking action to safeguard their accounts and identity information.

29. Plaintiffs are entitled to a judgment against Defendant Regions for these damages and any other damages available under applicable law.

30. Plaintiffs are entitled to a Judgment against Defendant Cassie Sandrock and Defendants John Does 1-20 for their negligence and their actions herein which have violated the standard of care, and Defendants above referenced have been negligent in their use of court process and procedure and should be assessed damages for their negligence.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs Frederick L. Sandrock, III, and Jo Ellen Sandrock respectfully request that the Honorable Court enter a judgment against Defendant Regions Bank and John Does 1-20 and Cassie Sandrock for mental anguish, expenses in investigating the breach of Plaintiffs' privacy rights, punitive damages, attorneys' fees, and any other relief that this honorable Court may find appropriate.

RESPECTFULLY SUBMITTED, this the 17th day of June A.D. 2020.

**JOINED HEREIN BY**:

_____
JASON SANDROCK

**PREPARED AND PRESENTED BY**:

_____
**PORTER LAW FIRM, P.A.**
**Renee McBride Porter**
Mississippi State Bar No. 8388
**Becky Jo Hollen Williams**
Mississippi State Bar No. 105622
915 Main Street
Post Office Box 982
Columbia, Mississippi 39429
Telephone: (601) 731-1886
Facsimile: (601) 731-1887
Email: rporter@porterlf.com
          wepiercejr@porterlf.com
Counsel for Plaintiffs

_____
FREDERICK L. SANDROCK, III
Plaintiff

_____
JO ELLEN SANDROCK
Plaintiff

STATE OF MISSISSIPPI }
}
COUNTY OF MARION }

    **PERSONALLY APPEARED BEFORE ME**, the undersigned authority in and for the jurisdiction aforesaid, the within named Frederick L. Sandrock, III, and wife, Jo Ellen Sandrock, proven to me on the basis of satisfactory evidence to be the persons whose names are subscribed within, and who, according to law, solemnly, sincerely, and truly affirmed and declared that the matters and things stated in the above and foregoing Complaint are true and correct as therein stated, to the best of his/her knowledge and belief, and that he/she has voluntarily executed the same for the purpose therein stated.

                      FREDERICK L. SANDROCK, III

                      JO ELLEN SANDROCK

    **AFFIRMED TO AND SUBSCRIBED BEFORE ME**, this the 17th day of June A.D. 2020.

William Earl Pierce, Jr.
NOTARY PUBLIC BK 1 p10 #40
My Commission Expires March 11, 2024

(L.S.)

STATE OF MISSISSIPPI }
}
COUNTY OF MARION }

    **PERSONALLY APPEARED BEFORE ME**, the undersigned authority in and for the jurisdiction aforesaid, the within named Jason Sandrock, proven to me on the basis of satisfactory evidence to be the person whose name is subscribed within, and who, according to law, solemnly, sincerely, and truly affirmed and declared that the matters and things stated in the above and foregoing Complaint are true and correct as therein stated, to the best of his knowledge and belief, and that he has voluntarily executed the same for the purpose therein stated.

                      JASON SANDROCK

    **AFFIRMED TO AND SUBSCRIBED BEFORE ME**, this the 17 day of June A.D. 2020.

William Earl Pierce, Jr.
NOTARY PUBLIC
My Commission Expires March 11, 2024

(L.S.)